The Court, in substance, held :
That while all contracts to procure or influence legislation by secret means, or by any method likely to mislead or deceive members of legislative bodies, were utterly void as in violation of public policy and good morals; yet it is the undoubted right of all persons whose private interests are affected by legislative acts to present their claims or interests, personally or by counsel, acting openly and professedly on their behalf, to Congress and its committees, and to furnish such facts and arguments as will explain the merits in controversy. When this is done openly and honestly, there is nothing in such a course which is prohibited by public policy or sound morality. In regard to general legislation, the members perform their high trust upon their knowledge of public affairs; but in respect to acts of private legislation, the necessary information can only be derived from individuals. Hence, it is-the common practice for the person interested, or his counsel representing him, without concealment to make such representation to the members or committees *4 of Congress as may be necessary to a full understanding of the facts. We do not understand that any of the decisions condemn this practice, but they all incidentally support it. Judicial language of unusual severity has been justly uttered against secret and sinister efforts to procure public legislation, but not against open and avowed advocacy by an attorney of a bill for the relief of an individual. This point was disposed of on the demurrer, upon the admitted allegations of the bill, that the services rendered consisted in a fair and honorable representation of the claim. Another objection disposed of on the same occasion was, that the contract for a contingent fee was not a transfer, either in law or equity, of the claim or auy part of it, so as to render it void by the provisions of the act of Congress of February 26, 1853. We regard an agreement for a contingent fee of the amount which may be allowed as simply a measure of compensation. It has no element of an assignment, and cannot be made one except by overlooking its meaning and purport.
The ground is now taken that equity can exercise no jurisdiction for the reason that complainant has no lien upon the fund. It is admitted that an attorney or counsel in a cause in court has a lien on money collected, and in his hands, for his fees and disbursements, but it is - contended that such a lien does not exist for services which are beyond the scope of a lawyer’s professional business; that services in presenting a claim to members of a legislative body are non-professional and cannot become the foundation of a lien. In considering this position, we ought to remember that the United States cannot be sued in this class of cases, and the only remedy the defendant had was in the forum of Congress. Had his demand been against a party capable of being sued in a court of equity, his attorney would confessedly have a lien upon the money collected. In either case the services are rendered for precisely the same object; and to distinguish between the services of an attorney, in respect to the means he has used in collecting the demand, where the result is practically of the same benefit to his client, is neither reasonable nor just. When he collects without suit upou a mere demand, he is protected as much as if he had accomplished *5 the result by judgment and execution. To collect demands is certainly within the scope of professional business, by whatever means the process is conducted, and whether from States or individuals. The court are therefore of opinion that a lawyer who has successfully prosecuted a claim for relief against the United States, upon an agreement for a contingent fee out of the allowance, has a professional lien upon the fund, which may be enforced in a court of equity.
Another objection to the jurisdiction is, that such a lien can only exist on money collected and in the hands of the attorney, and that it cannot exist on money in the Treasury of the United States. This point has been overruled in the case of Wylie vs. Coxe, 15 How., pp. 415, 417, 420, where the complainant, by agreement, was to receive a contingent fee out of the fund awarded and which was in the Treasury. The court held that the contract constituted a lien upon the fund, and that such lien was a sufficient ground for an equity jurisdiction, and the court seem to lay some stress upon the fact that the executrix who claimed the fund resided in Mexico, and that the payment to her would probably place it beyond the reach of the complainant. This observation applies to the case here. The fund is in the Treasury; the defendant resides in Virginia and is insolvent, and the payment of the fund to him would evidently place it beyond the reach of this complainant. The principle which gives a court of equity jurisdiction to establish a lien in su.ch a case is clearly recognized by the Supreme Court, and we think we ought to apply it in this case.
In the next place it is said that the agreement of defendant was with Child the father, and that it terminated with his death. It is shown, however, that the plaintiff was in co-partnership with his father, and jointly interested with him in his business, and that on his death he became his executor, and continued to prosecute the claim with the knowledge and approbation of the defendant, and without any new arrangement, until the act of Congress was passed providing for its payment. From this it is fair to presume that the agreement was in the interest of the firm, and that the services were performed by the complainant after the death of *6 his father, with the approval of the defendant, in execution of the contract. In our opinion he is estopped by his own conduct from denying the defendant’s interest, after accepting his services rendered by him in good faith, as he evidently understood, under the agreement.
It is clear that it is a just and honest claim, and that the stipulated compensation is fully earned, and we can see no technical barrier to obstruct the plaintiff’s remedy in this form.
There must be a decree for complainant.
Mr. Justice Wylie dissenting.